**STATE**

v.

**Robert FRYE.**

No. 97–363–C.A.

Supreme Court of Rhode Island.

May 13, 1998.

Aaron Weisman, Asst. Attorney General, and Andrea Mendes, Special Asst. Attorney General, for plaintiff.

Paula Rosin, Assistant Public Defender, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on March 3, 1998, pursuant to an order directing both parties to appear and to show cause why the issues raised by this appeal should not be summarily decided. The defendant, Robert Frye (Frye), appeals from a judgment of conviction on one count of first degree child molestation. After hearing the parties' arguments and reviewing their memoranda, we are of the opinion that cause has not been shown and shall proceed to decide the case at this time. The relevant facts are as follows.

The allegations of child molestation leveled against Frye originated from Jane Doe (Jane), the eleven-year-old daughter of his long-time girlfriend, Mary Doe (Mary).[1] Jane testified that on June 25, 1995, she was watching television with Frye in the living room of her house while her mother was upstairs sleeping. The child testified that at some point Frye told her to go to the closet near the downstairs bathroom and take off her clothes, and she complied. She stated that Frye then came over to her, unzipped his pants, and attempted unsuccessfully to have vaginal intercourse with her. Jane maintained that Frye was unable to penetrate her vagina but that his penis touched "[r]ight next to it." The child stated that the two then went into the bathroom where Frye again attempted to penetrate her vaginally. This attempt was equally unsuccessful. Jane stated that Frye then inserted his penis into her mouth and continued his activities until he heard the sound of her aunt's car pulling up in the adjacent driveway.

Later that evening, after Frye had left the house, Jane told her mother that Frye had

---

1. The names of the victim and her mother have been changed.

been touching her in her "private." Mary took the child to the hospital, where doctors could find no physical signs of abuse. Two days later Jane and her mother went to the Woonsocket police department, where they filed a report in which Jane alleged that she had been sexually abused by Frye since she was nine-years-old.

■ A grand jury returned a six-count indictment against Frye, charging him with four counts of first degree child molestation in violation of G.L.1956 § 11–37–8.1, three counts alleging fellatio and one count alleging vaginal penetration, and two counts of assault with the intent to commit child molestation in violation of § 11–5–1. On February 17 to 20, 1997, a jury trial was held in Providence Superior Court. At the conclusion of the state's case the court dismissed two counts of first degree child molestation sexual assault and the two counts alleging assault with the intent to commit child molestation. The trial judge also reduced one of the remaining counts of first degree child molestation sexual assault for vaginal intercourse to second degree child molestation sexual assault for vaginal contact. Therefore, the only counts submitted to the jury were one count of first degree child molestation sexual assault for fellatio and one count of second degree child molestation sexual assault for vaginal contact.

At the conclusion of the trial the jury returned a verdict finding Frye not guilty of second degree child molestation but guilty of first degree child molestation. Frye filed a motion for a new trial, which motion was subsequently denied. A judgment of conviction entered on April 17, 1997, and Frye filed this appeal.

On appeal Frye asserts that the trial justice erred in denying his motion for a new trial because the jury's verdicts were inconsistent. Specifically Frye maintains that it was inconsistent for the jury to have found him guilty of first degree child molestation and not guilty of second degree child molestation. We disagree.

In *State v. Jette*, 569 A.2d 438 (R.I.1990), this Court considered and ultimately rejected the same argument as that advanced by Frye in this case. In *Jette* the defendant had been charged with three counts of first degree sexual assault, one alleging penetration by penis, one alleging penetration with a foreign object, and one alleging digital penetration. *Id.* at 439 n. 1. The jury ultimately acquitted the defendant of the two latter offenses, finding him guilty only of penetration with his penis. On appeal the defendant claimed that the inconsistency of the verdicts warranted a new trial. In rejecting this argument, this Court stated that because the case involved three separate counts of sexual assault, acquittal of one offense did not amount "to a finding that the elements of another offense could not be proved." *Id.* at 441.

In this case the child testified that Frye had inserted his penis into her mouth, but she denied that he had penetrated or touched her vagina with his penis. In fact, during her examination by the prosecution Jane clearly stated that Frye's penis had touched "[r]ight next to" her vagina. Therefore, on the basis of this testimony we believe that it was entirely consistent for the jury to determine that fellatio had occurred but that vaginal touching had not.

■ Frye also argues that the trial court erred in allowing the state to use Sergeant Timothy Paul (Paul) as a witness because Paul had not been listed as a potential witness by the state. A review of his testimony convinces us, however, that we must reject this argument as well. Paul's testimony was offered solely to explain facts that had previously been elicited by defense counsel from Jane on cross-examination. Furthermore, the only testimony offered by Paul addressed the issue of when he began his relationship with Mary, which we note was not until after the grand jury had issued the indictments in this case. Accordingly we are unable to discern any prejudice suffered by Frye as a result of this testimony and dismiss this claim as well.

For the foregoing reasons the defendant's appeal is denied, and the judgment of conviction is affirmed. The papers in this case may be remanded to the Superior Court.

BOURCIER, J., did not participate.