No. 71–6743. BRYANT *v.* NORTH CAROLINA. Sup. Ct. N. C. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN concurs, dissenting.

I would grant certiorari in this case.

Petitioner was convicted of rape and sentenced to life imprisonment. At trial petitioner took the stand and admitted the fact of intercourse, but argued that the alleged victim had consented. Upon cross-examination by the State, petitioner was asked if he had talked with

two police officers making certain statements while in custody and admitting his use of force. Petitioner replied that he had talked with the officers but denied making the statements. In rebuttal, the State called the two police officers to the stand. Over petitioner's objection they testified that petitioner had admitted to them just after his arrest that he had used force to subdue the victim. Prior to this testimony, the trial judge instructed the jury that the testimony was being offered solely for the purpose of impeaching the defendant, and not as substantive evidence. There was no allegation that prior to the time the alleged statement was made to the officers, petitioner had been advised of his rights under *Miranda* v. *Arizona*, 384 U. S. 436. Nor was there ever any determination as to the voluntariness of petitioner's alleged statements.*

A defendant's constitutional right to the fullest opportunity to meet the accusations against him and to be free to deny all the elements of the case against him (*Walder* v. *United States*, 347 U. S. 62), must include the right to remain silent unless he chooses to speak in the *unfettered* exercise of his own will. The allowance of tainted statements to impeach the accused who takes the stand fetters that choice. The instant case is just another example of the way *Harris* v. *New York*, 401

---

*The only discussion of voluntariness in the opinion of the Supreme Court of North Carolina is that, "While there was evidence he had been given the required warnings, *it was admitted* he had not waived his right to counsel, had not been given a voir dire hearing, and *the court had not found facts showing his statements and admissions were voluntary.*" *North Carolina* v. *Bryant*, 280 N. C. 551, 554, 187 S. E. 2d 111, 113 (emphasis added). The North Carolina Supreme Court never specifically states that petitioner did not raise these objections at trial; the decision appears to be based on the assumption that these issues are irrelevant since the statement is only being offered for impeachment purposes.

U. S. 222, compromises these constitutionally guaranteed rights.

But my objection goes much farther. The instant case goes a step beyond *Harris* in allowing the introduction of illegally obtained statements for the impeachment of the defendant when the statement was merely a remembered verbal conversation rather than a typed signed statement; when the statement was presented as direct testimony rather than for the purpose of impeachment by cross-examination; when, although there was an issue of voluntariness, the statement was permitted without a prior determination as to its voluntariness; and when the jury instruction that the statement should not be considered as substantive evidence did not contain the admonition that the statement could not be considered as evidence of guilt.

If *Harris* is to be extended, we should do so only after argument and mature deliberation.