## 19915

The STATE, Respondent, v. Francisco Cancel MERCADO, Appellant

(210 S. E. (2d) 459)

*Messrs. Dowling, Dowling, Sanders and Dukes,* of Beaufort, and *Parker and Richardson,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen., Joseph R. Barker, Staff Attorney,* of Columbia, and *Sidney S. Riggs, III,* of Lexington, and *Randolph Murdaugh, Jr., Sol.,* and *Randolph Murdaugh, III, Asst. Sol.,* of Hampton, *for Respondent,*

November 29, 1974.

LITTLEJOHN, Justice:

Francisco Cancel Mercado, the appellent, was indicted for murder and grand larceny. A jury acquitted him of murder and found him guilty of grand larceny. He has appealed.

Appellant argues that he should be given a new trial on the grounds that the verdicts of the jury were unreasonably inconsistent, that it was prejudicial error for the trial court to allow a censored letter to be used for cross-examination, and that the trial judge abused his discretion in setting the sentence. We disagree.

These charges arose after Mr. J. D. Fielding was found dead in his home. His hands and feet had been bound, and his mouth had been gagged. There were lacerations on his head; however, death was apparently caused by asphyxiation. Fielding's home had been ransacked, and his automobile was missing.

Eleven days after this incident, Fielding's car was discovered in Pennsylvania by a policeman. Appellant was the driver of the vehicle. He told the policeman that Mr. Fielding had loaned him the car.

At trial the appellant, a Puerto Rican immigrant, testified as follows:

"He was a migrant worker and had known Fielding from his periodic sojourns to Beaufort. He and Fielding used to watch T. V. and drink beer together.

"On this particular trip to Beaufort, he brought three other migrant workers with him. After arriving in Beaufort, they were unable to work due to rain. He took one of the three migrant workers (Minor) to Fielding's home. Later, the other two workers (Allotio and Apoppo) joined them.

"Allotio and Apoppo assaulted Fielding, and then Minor, Allotio and Apoppo bound and gagged him. Appellant was threatened by the three and was told to cooperate.

"Then appellant was forced by the three co-workers to drive Fielding's car where they told him to go. He delivered Allotio to Connecticut, Minor to Brooklyn, New York, and Apoppo to the Bronx, New York. After Apoppo got out in the Bronx, appellant drove the automobile to Pennsylvania where he was apprehended. He wanted to get a job and earn enough money to buy gasoline so that he could return to Beaufort. At that time he was unaware that Fielding was dead."

Appellant's testimony during the trial was inconsistent with statements made to the police officers in Pennsylvania. It was also inconsistent with statements given to South Carolina police officers. At the time of trial Apoppo, Allotio and Minor had not been apprehended.

Appellant's argument that the verdicts are inconsistent is without merit. When a defendant is charged with two counts or offenses that arise out of the same transaction or occurrence and he is acquitted of one and found guilty of the other there is not necessarily an inconsistency which requires a new trial.

In *State v. Amerson,* 244 S. C. 374, 137 S. E. (2d) 284 (1964), this Court set forth a test for determining whether a verdict is inconsistent. If the essential elements of the count of which the defendant is acquitted are

identical and necessary to prove the count of which the defendant is convicted, then the verdicts are inconsistent.

In the case before us there were counts of murder and larceny. As the essential elements of these counts are not identical, there is no inconsistency. A jury could logically acquit on one count and convict on the other by believing part of the evidence and disbelieving other parts.

While appellant was in jail awaiting trial, he addressed a letter to a friend in Massachusetts. The letter was intercepted and delivered to the prosecuting attorney. Appellant had consistently asserted that he did not know the surnames of his three friends, Apoppo, Allotio, and Minor. In the letter he asked about the addressee's brother, "Apoppo." The solicitor was permitted by the judge to use a photocopy of the letter on cross-examination for the sole purpose of impeaching appellant as a witness. The letter was not introduced into evidence.

Appellant argues that the seizing of the letter was unconstitutional and that its use was prejudicial error.

Assuming, without at all deciding, that the seizure of this letter was violative of any constitutional right of the appellant, it was nevertheless proper to utilize the same for the purpose of impeaching the credibility of the appellant. *Walder v. United States,* 347 U. S. 62, 74 S. Ct. 354, 98 L. Ed. 503 (1954) ; *Harris v. New York,* 401 U. S. 222, 91 S. Ct. 643, 28 L. Ed. (2d) 1 (1971) ; *Schneckloth v. Bustamonte,* 412 U. S. 218, 93 S. Ct. 2041, 36 L. Ed. (2d) 854 (1973) (concurring opinion of Powell, J. at 2070) ; *State v. Bryant,* 280 N. C. 551, 187 S. E. (2d) 111, cert. den., 409 U. S. 995, 93 S. Ct. 328, 34 L. Ed. (2d) 259. *

---

* An interesting discussion relative to the rights to censor the mail of an inmate awaiting trial is to be found in two federal court cases. *Inmates of Milwaukee County Jail v. Petersen,* 353 F. Supp. 1157 (E.D. Wis. 1973), and *Palmigiano v. Travisono,* 317 F. Supp. 776 (D.R.I. 1970).

The recent case of *Procunier v. Martinez,* decided April 29, 1974, 416 U. S. 396, 94 S. Ct. 1800, L. Ed. (2d) 224, deals with the circumstances under which the mail of convicted inmates may be censored.

Appellant argues that the trial judge abused his discretion in sentencing him to ten years on the grand larceny charge. In support of this argument he points to a series of comments by the judge prior to sentencing. The judge indicated that he was not in agreement with the acquittal of the murder charge and said that he was satisfied that appellant voluntarily participated in the unlawful actions. He further commented that violence is a way of life with migrant workers like the defendant.

The trial judge heard all of the testimony and observed the demeanor of the witnesses. Although the statements might have been better left unsaid, we cannot say that the record before us reflects that the maximum sentence imposed was the result of partiality, prejudice, oppression or corrupt motive.

We held in *State v. Scates,* 212 S. C. 150, 46 S. E. (2d) 693 (1948), that a sentence within the maximum permitted by law would not be disturbed unless it was the result of partiality, prejudice, oppression or corrupt motive.

The stealing of Mr. Fielding's automobile was under extremely aggravated circumstances. The jury found that the car was stolen by appellant while the owner was bound hand and foot, and gagged in his own home in such a fashion that he died. Indeed, the facts might have sustained a charge of the more serious offense of robbery.

There is no showing before us of improper motivation warranting a reversal of the trial judge in the exercise of his discretion.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.