STATE

v.

**Russell S. ALLESSIO.**

No. 98–532–C.A.

Supreme Court of Rhode Island.

Dec. 11, 2000.

Jane M. McSoley, Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, Brian Frechette–Pro Se, Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

PER CURIAM.

The alleged inconsistency of a jury's verdict with respect to different counts in an indictment and the prosecution's late disclosure of one aspect of the accused's criminal record constitute the gravamen of this appeal. The defendant, Russell S. Allessio, appeals from a judgment of conviction on one count of second-degree child molestation and one count of simple assault and battery. Following a jury trial, he was sentenced to twenty years: fifteen to serve and five years suspended with probation on the second-degree child molestation charge and one year to serve concurrently

on the assault and battery charge. Although they were ordered to show cause why the issues raised in this appeal should not be summarily decided, the parties, we conclude, have not done so. Accordingly, we shall proceed to decide the appeal at this time.

The grand jury indictment in this case included six separate counts: three counts of first-degree child molestation in violation of G.L.1956 § 11–37–8.1 (counts 1, 2 and 3); one count of second-degree child molestation in violation of § 11–37–8.3 (count 4); one count of assault with a dangerous weapon in violation of G.L.1956 § 11–5–2 (count 5); and one count of assault and battery upon the victim's cousin in violation of § 11–5–3 (count 6).

At trial, the victim, who was eight years old at the time, testified that when she was seven years old defendant began living with her mother. The victim said that on various occasions when her mother left the home, defendant had touched her sexually and engaged in various sexual acts with her. The victim's cousin testified that, while she was living with the victim and her mother, defendant had "grabbed my butt hard" while she was standing at the refrigerator. She also testified that defendant often would say inappropriate things to her and that the victim had disclosed what defendant had done to her in a conversation they had on February 21, 1997.

Following the close of the state's case, the trial justice granted a judgment of acquittal on counts 1 and 5. The defendant then testified on his own behalf, and denied the victim's charges, admitting only that he had pinched her cousin. He stated that he had felt bad about the incident, and he admitted that it was a mistake. But he denied the cousin's assertions that he had said anything inappropriate to her.

The jury found defendant guilty of count 4, second-degree child molestation of the victim, and count 6, assault and battery on her cousin. However, the jury acquitted defendant on counts 2 and 3, the remaining first-degree child molestation charges.

On appeal, defendant contests the denial of his motion for new trial. The defendant maintains that the interests of justice require a new trial because the jury's verdict of not guilty on two counts of first-degree child molestation was inconsistent with its return of a guilty verdict on the charge of second-degree child molestation. Because the jurors apparently did not believe the victim concerning the alleged first-degree child-molestation charges, they could not have found her credible, he contends, with respect to the charge of second-degree child molestation.

■ On a motion for a new trial, the duty of a trial justice is well established, and on review this Court "will not second-guess that decision 'unless the decision is clearly wrong or unless the trial justice, in reviewing the evidence, overlooked or misconceived relevant and material evidence.'" *State v. Doctor*, 690 A.2d 321, 329 (R.I.1997) (quoting *State v. Estrada*, 537 A.2d 983, 986 (R.I.1988)).

■ When a verdict has been attacked as inconsistent because of different outcomes for different counts in the indictment, we have followed the rule laid down in *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356, 358–59 (1932) (Holmes, J.). *See State v. Romano*, 456 A.2d 746, 764 (R.I.1983); *State v. Leonardo*, 119 R.I. 7, 11–13, 375 A.2d 1388, 1390–91 (1977); *State v. Eckhart*, 117 R.I. 431, 438, 367 A.2d 1073, 1077 (1977). "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment." *Dunn*, 284 U.S. at 393, 52 S.Ct. at 190, 76 L.Ed. at 358. We continue to follow *Dunn* and its teaching. Thus, we afford juries the power to arrive at inconsistent verdicts of acquittal and conviction for different counts in the indictment, understanding that the jury may reach compromises through a variety of motivations, including leniency. *See Romano*, 456 A.2d at 764.

■ In this case, however, the jury's verdicts were not even logically inconsistent, let alone so legally at odds as to merit reversal. This is *not* a case in which "the essential elements of the count[s] of which the defendant is acquitted are identical and necessary to prove the count of which the defendant is convicted * * *." *State v. Jette*, 569 A.2d 438, 441 (R.I.1990) (quoting *State v. Mercado*, 263 S.C. 304, 210 S.E.2d 459, 460 (1974)). *Compare* § 11–37–8.1 (requiring that the prosecution prove the defendant engaged in "sexual penetration") *with* § 11–37–8.3 (requiring that the prosecution prove the defendant engaged in "sexual contact"). The victim's detailed account of the second-degree child molestation plainly supports the jury's verdict. She described how the defendant unzipped the fly of his pants and coaxed her into touching him sexually. Based upon the victim's vivid descriptions, the evidence was more than sufficient for a jury to determine that second-degree sexual molestation had occurred. Moreover, the verdicts were not inconsistent simply because the victim could not remember specific events relating to the other first-degree child molestation counts. The jury apparently chose to believe only some of the evidence presented by the victim, and this was a choice it was entitled to make. As the trial justice concluded:

> "I'm convinced that the jury was not satisfied that she delivered a sufficiency of evidence for those counts which they acquitted. On Count 4, related to the touching, the jury believed that that was the clearest part of her testimony, and the part that they would accept as true. And I do so, too."

We rejected a similar argument in *State v. Jette*, 569 A.2d 438 (R.I.1990). There, the defendant had been charged with three counts of first-degree sexual assault: one alleging penile penetration, one alleging penetration with a foreign object, and one alleging digital penetration. The jury acquitted the defendant on the latter offenses and only found him guilty of penile penetration. In his appeal, the defendant argued that the inconsistency of the verdicts warranted a new trial. We affirmed the denial of a new trial, noting that the case involved three separate counts of sexual assault and that acquittal of one offense did not amount "to a finding that the elements of another offense could not be prove[n]." *Id.* at 441. Based upon our ruling in *Jette*, the verdicts in this case were not inconsistent. *See also State v. Frye*, 713 A.2d 1232 (R.I.1998).

■ The defendant also contends that the state violated Rule 16 of the Superior Court Rules of Criminal Procedure. He argues that the trial justice erred in permitting the state to supplement its discovery response immediately before defendant was to begin presenting his case. The defendant asserts that, after the prosecution had rested its case, counsel for the state provided additional discovery material by producing documents showing a plea bargain defendant had entered into in Connecticut concerning a previous sexual-assault charge, one that was later reduced to trespass in the first degree, unlawful restraint of another person in the second degree, and criminal mischief in the third degree. The defendant alleged that he was prejudiced by the state's late disclosure of this aspect of his criminal record in Connecticut because it supposedly affected his defense trial strategy. He also maintained that the late disclosure was the result of intentional misconduct on the part of the state.

■ The trial justice concluded that, notwithstanding the late production of this discovery material, the state had acted in good faith in belatedly obtaining and producing defendant's criminal record from the Connecticut authorities. Moreover, the trial justice noted that his decision may have been different if the charges in Connecticut had not been amended "from a sexual nature to an unlawful restraint." Rule 16(i) authorizes the trial court to impose sanctions for discovery violations or to "enter such other order as it deems

appropriate." Moreover, this Court has held that the trial justice is in the best position to determine whether any harm results from a discovery-rules violation and that he or she can best assess whether any reasonable harm can be mitigated. *See State v. Coelho*, 454 A.2d 241, 244–45 (R.I. 1982). Therefore, a trial justice's ruling will not be overturned on this subject absent a clear abuse of discretion. *See id.* at 245.

Here, we are persuaded that defendant was not prejudiced by the state's eleventh-hour disclosure of this aspect of his criminal record in Connecticut. The defendant had an extensive criminal record that had been disclosed to him previously. Thus, the late addition of these relatively inconsequential Connecticut charges to his criminal record was simply cumulative. Even defense counsel noted that the charges in Connecticut were "no big deal." Therefore, in this case, the trial justice did not abuse his discretion in permitting the state to supplement its discovery in this manner before the defendant presented his case.

Based upon the foregoing, we deny the defendant's appeal and affirm the judgments of conviction.

Justice GOLDBERG did not participate.