**STATE**

v.

**William PONA.**

No. 2000–487–C.A.

Supreme Court of Rhode Island.

Dec. 4, 2002.

Lauren Sandler Zurier, Aaron L. Weisman, Providence, for Plaintiff.

Paula Rosin, Janice M. Weisfeld, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, William Pona (defendant), asks this Court to order a new trial based on the state's alleged violations of Rule 16 of the Superior Court Rules of Criminal Procedure. This case came before the Court for oral argument on October 31, 2002, pursuant to an order that directed both parties to appear to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

### I

### Facts and Travel

While working a traffic and crowd control detail in Providence's waterfront nightclub district at 2:30 a.m. on July 25, 1999, Providence police Sergeant Timothy Lee (Sgt. Lee) and Officer Curt Desautels (Officer Desautels) observed a silver and blue conversion van drive erratically and sideswipe a small silver Mazda at the corner of Benefit and India Streets. Sergeant Lee approached the van to write an accident report but the van continued on India Street. Sergeant Lee broadcast a description of the van to other police officers in the area and attempted to stop the vehicle as it sped through a parking lot bounded by India, Traverse, Tockwotten and Benefit Streets. Sergeant Lee stood in the van's path with his flashlight lit and shouted for the driver of the van to stop. The driver did not stop, however, and despite Sgt. Lee's attempt to jump out of the way, the van's mirror struck him on the arm and the van itself struck his hip. Sergeant Lee noticed that the driver of the van was a black male later identified as defendant. The van continued to speed through the parking lot and eventually made its way to Gano Street, where Providence police Officer Antonio Laranjo, Jr. (Officer Laranjo) was able to block the traffic on Gano Street and stop the van.

Officer Laranjo radioed for assistance and approached the van, with his gun drawn. As he approached the vehicle Officer Laranjo noticed four males in the van, and later was able to identify defendant as the driver. As Officer Laranjo ordered all the occupants to show their hands, he saw defendant try to jump out of the van with what later was identified as a small loaded handgun. Officer Laranjo continued shouting commands to the occupants of the van until several officers arrived to provide assistance. Together, the police officers were able to pull defendant out of the van and into their custody despite his struggling and shouting. Eventually, one officer had to subdue defendant with pepper spray and handcuffs. Officer Laranjo then searched the van and found the loaded handgun on the floor to the right of the driver's seat.

The state charged defendant with: (1) carrying a pistol without a license, (2) assault with a dangerous weapon, (3) forcibly resisting arrest, and (4) reckless driving. A trial was scheduled for April 25, 2000, yet defendant waited until April 17 to mail his Rule 16 discovery request to the state and did not file the request with the court until April 19. *See* Rule 16. In the discovery request, defendant requested a list

of the state's trial witnesses as well as relevant witness statements or summaries of the testimony those witnesses were expected to give. The prosecutor mailed the state's response to defendant on April 21, and on April 24 supplemented the original response with the witness statement of Officer Desautels, which he had prepared on April 23. On the first day of trial, defendant moved to exclude Officer Desautels's testimony, asserting that his statements constituted undue surprise. After comparing Officer Desautels's witness statement to Sgt. Lee's, the trial justice concluded that the two statements were consistent and that exclusion of Officer Desautels's testimony was not the appropriate sanction under Rule 16. Rather, the trial justice offered defendant a short continuance to assimilate the contents of Officer Desautels's statement. Without an explanation, defendant declined the continuance.

The jury convicted defendant of assault with a dangerous weapon, resisting arrest, and reckless driving. The defendant moved for a new trial, and the trial justice denied his motion. The defendant timely appealed his convictions, contending that the state violated Rule 16 by: (1) failing to provide defendant with Officer Desautels's witness statement until the day before trial, and (2) Officer Desautels testifying beyond the scope of his witness statement. Therefore, defendant contends, that the trial justice erred by not excluding Officer Desautels's testimony pursuant to Rule 16. We disagree.

## II

### Rule 16

■ Rule 16 "seeks to promote '[b]roader discovery by both the defense and the prosecution [in order to] contribute to the fair and efficient administration of criminal justice by aiding in informed plea negotiations, by minimizing the undesirable effect of surprise at trial, and by otherwise contributing to an accurate determination of the issue of guilt or innocence.'" *State v. Musumeci*, 717 A.2d 56, 60 (R.I.1998) (quoting *State v. Coelho*, 454 A.2d 241, 244 (R.I.1982)). More specifically, Rule 16(i) provides:

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, it may order such party to provide the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material which or testimony of a witness whose identity or statement were not disclosed, or it may enter such other order as it deems appropriate."

The trial justice is in the best position to determine when to apply these sanctions for a Rule 16 violation and can best assess the feasibility of mitigating any resulting harm with the appropriate remedy. *See Musumeci*, 717 A.2d at 60. Therefore, the trial justice's ruling on the appropriate sanction should not be overturned absent a clear abuse of discretion. *See id.* (citing *Coelho*, 454 A.2d at 244–45).

■ A trial justice should consider the following four factors when imposing a sanction for failure to comply with Rule 16: "(1) the reasons for the nondisclosure or other violation, (2) any prejudice caused to the opposing party, (3) the feasibility of rectifying any prejudice, and (4) any other relevant factors." *Musumeci*, 717 A.2d at 60 (citing *Coelho*, 454 A.2d at 245).

■ In this case, defendant argues that the state provided Officer Desautels's witness statement the day before trial and that the statements provided did not accurately represent his actual testimony at

trial, thereby violating Rule 16(a)(7).[1] Thus, defendant argues, the trial justice should not have allowed Officer Desautels to testify. Although defendant relies solely on Rule 16(a)(7)'s requirements, we must also look to the timing provisions of Rule 16(g)(1),[2] which states that a defendant's request for discovery shall be made within twenty-one days after arraignment and the attorney for the state shall respond in writing within fifteen days of the request.

The defendant was arraigned on March 2, 2000, yet he waited until April 17, 2000, to mail his discovery request to the state. The defendant disregarded his own responsibility to comply with the procedures of Rule 16 by filing a late request. *See State v. Nardolillo*, 698 A.2d 195, 201–02 (R.I.1997) (holding that the state, as well as the defendant, has a right to rely on compliance with Rule 16). The state, on the other hand, did not violate its responsibility under Rule 16(g)(1) because it responded, and supplemented its response, to defendant's request well within the allotted fifteen-day period. Furthermore, Rule 16(h)[3] imposes a continuing duty of disclosure upon both parties. If the state were punished for making a good faith disclosure on the day before the trial, future litigants would be unable to harmonize such a ruling with Rule 16(h)'s duty of continual disclosure. In fact, this Court has previously upheld a denial of sanctions when the trial justice allowed a good faith supplemental disclosure after the prosecution had already presented its case. *See State v. Allessio*, 762 A.2d 1190, 1192–93 (R.I.2000). Therefore, there was simply no discovery violation by the state and there is no need to determine whether defendant was prejudiced.

■ The defendant also contends that Officer Desautels's witness statement was not as thorough as his actual testimony. Officer Desautels's witness statement concluded with the fact that he responded to Officer Laranjo's call for backup. At trial, however, Officer Desautels expanded upon that statement and testified about what happened after he arrived on the scene following Officer Laranjo's request. However, defendant lodged no objection when Officer Desautels gave his allegedly expanded testimony. In fact, defendant's attorney thoroughly cross-examined him on his testimony, including the details of what happened after he responded to Officer Laranjo's call, without complaint. This cannot now be a basis for a Rule 16 discovery violation.

■ Rule 16 does "not obligate the state to provide a defendant with a de-

---

1. Effective July 1, 2002, Rule 16(a)(7) of the Superior Court Rules of Criminal Procedure was retitled Rule 16(a)(8) pursuant to an amendment that added a subsection to Rule 16(a). Before July 1, 2002, Rule 16(a)(7) provided:

 "as to those persons whom the [s]tate expects to call as witnesses at the trial, all relevant recorded testimony before a grand jury of such persons and all written or recorded verbatim statements, signed or unsigned, of such [prospective trial witnesses] and, if no such testimony or statement of a witness is in the possession of the [s]tate, a summary of the testimony * * *."

We will continue to make reference to Rule 16(a)(7), the title effective at the time of trial.

2. Effective July 1, 2002, Rule 16(g)(1) allows defendant thirty days after arraignment to serve a request on the state.

3. Rule 16(h) provides:
 "If, subsequent to compliance with a request for discovery or with an order issued pursuant to this rule, and prior to or during trial, a party discovers additional material previously requested which is subject to discovery or inspection under this rule, he or she shall promptly notify the other party of the existence thereof."

tailed narration of the testimony of its witnesses." *State v. Woodson,* 551 A.2d 1187, 1192 (R.I.1988). Rather, Rule 16 simply requires the state to provide a defendant with all the relevant, recorded data about the testimony of its witnesses. *See id.* When the state does not possess such information, it is required to supply the defense with a summary of the witness's expected testimony. *See id.* The fact that a witness statement is not as thorough as defendant desires does not create a discovery violation. *See State v. Williams,* 752 A.2d 951, 953 (R.I.2000). Because the state provided a detailed witness statement that was more than adequate for defendant to determine what Officer Desautels might testify to at trial, there is no discovery violation.

 Even if Officer Desautels's testimony violated Rule 16, sanctions would not be warranted unless the violation prejudiced the defendant. *See State v. Bibee,* 559 A.2d 618, 621 (R.I.1989). To show prejudice, "defendant must show that had the information been disclosed, there is a likelihood that trial counsel using the undisclosed information could have created a reasonable doubt in the minds of one or more jurors to avoid a conviction." *Id.* (quoting *State v. Concannon,* 457 A.2d 1350, 1354 (R.I.1983)). In this case defendant cannot demonstrate prejudice because he made no showing that, had he learned that Officer Desautels would testify about events that occurred after he responded to the backup call, he could have avoided a conviction. Officer Desautels's testimony was effectively the same as that of Sgt. Lee. The cumulative and corroborative nature of such testimony is exactly the kind of evidence that we have previously held not to be prejudicial. *See, e.g., Allessio,* 762 A.2d at 1193; *State v. Wilson,* 568 A.2d 764, 767 (R.I.1990); *Bibee,* 559 A.2d at 621.

Even if Officer Desautels's testimony prejudiced defendant, "the exclusion of testimony is an extreme remedy and should be applied sparingly." *State v. Morejon,* 603 A.2d 730, 736 (R.I.1992) (quoting *State v. Boucher,* 542 A.2d 236, 241 (R.I.1988)). In this case, defendant made no request for a remedy after learning the details of Officer Desautels's testimony. This demonstrates that defendant was not seriously concerned that he would be prejudiced by Officer Desautels's testimony.

Because the state never violated Rule 16, the trial justice was not required to offer a continuance. Furthermore, given the fact that it was the defendant who actually violated Rule 16, the trial justice's offer of a continuance was the equivalent of a gift horse that the defendant should not have looked in the mouth. Moreover, we conclude that there was no discovery violation with respect to Officer Desautels's testimony at trial.

### Conclusion

For the reasons set out above, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers of the case may be returned to the Superior Court.