**Supreme Court**

No. 2009-185-C.A.
(P3/07-441A)
(P3/07-483A)
(P3/07-484A)
(P3/07-485A)

|  |  |
|---|---|
| State | : |
| v. | : |
| Gualter Botas. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2009-185-C.A.
(P3/07-441A)
(P3/07-483A)
(P3/07-484A)
(P3/07-485A)

State                :

v.            :

Gualter Botas.       :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the record, the memoranda submitted to this Court on behalf of the parties, and the oral arguments of counsel, we are of the opinion that cause has not been shown and that the appeal may be resolved without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of conviction.

## I

### Facts and Travel

On August 1, 2008, a Providence County Superior Court jury found defendant Gualter Botas guilty of seven counts of simple assault.  At the time of the alleged incidents, Mr. Botas was a captain at the Rhode Island Adult Correctional Institutions (ACI); he was also the shift

commander and the highest ranking uniformed officer on the 7 a.m. to 3 p.m. shift at the ACI's minimum security facility. The simple assault charges leveled against Capt. Botas related to his treatment of four ACI inmates: Robert Houghton, Anthony Romano, Jose Gonzalez, and Matthew Gumkowski.

Captain Botas's appeal has much in common with an appeal that we have already decided, namely State v. Viveiros, 45 A.3d 1232 (R.I. 2012). That case involved Kenneth Viveiros, who was a lieutenant at the ACI and worked the same shift as Capt. Botas. Lieutenant Viveiros stood trial alongside Capt. Botas and was convicted on four counts of simple assault. Lieutenant Viveiros's convictions were affirmed by this Court on appeal.

As was true in Viveiros, this case "presents a rare look into the dark side of prison life and the human cost and institutional consequences that result when rogue correctional officers deviate from established prison standards." See Viveiros, 45 A.3d at 1235. Mr. Houghton, Mr. Romano, and Mr. Gonzalez all testified that Capt. Botas and Lt. Viveiros assaulted and abused them behind closed doors at the ACI.[1] The three inmates testified that those assaults took place with both Capt. Botas and Lt. Viveiros in the room.[2]

This Court has already provided a thorough discussion of the underlying facts and travel in its Viveiros opinion. This opinion will assume familiarity with that earlier opinion and will

---

[1] Only Capt. Botas, and not Lt. Viveiros, was charged with assaulting Matthew Gumkowski.

[2] A third correctional officer, Ernest Spaziano, Jr., was allegedly present during the assaults involving Robert Houghton and Jose Gonzalez. Officer Spaziano was charged with a single count of simple assault, with Mr. Gonzalez being the alleged victim. The trial justice, however, declined the prosecution's motion to join Officer Spaziano's case with those of Capt. Botas and Lt. Viveiros, finding that "Spaziano—who faced a single count of assault—would face 'a serious likelihood of substantial prejudice' were the court to order joinder." See State v. Viveiros, 45 A.3d 1232, 1238 (R.I. 2012).

therefore briefly summarize only the most pertinent aspects of the facts and travel narrated in the earlier opinion. In addition, we shall narrate the pertinent facts relating to the assault on Matthew Gumkowski.

The jury convicted Capt. Botas of one count of simple assault against inmate Robert Houghton. Mr. Houghton testified that, on the morning of December 23, 2005, he was escorted from a holding cell to Capt. Botas's office, where Officer Spaziano, Lt. Viveiros, and Capt. Botas were waiting. Mr. Houghton told the jury that the officers questioned him as to whether he had information about a particular member of his prison work crew. Mr. Houghton testified that, during the interrogation, Capt. Botas hit him with a telephone book and Lt. Viveiros "backhanded" him.

Captain Botas was also tried and convicted of three counts of simple assault against inmate Anthony Romano. Mr. Romano testified that, on January 30, 2006, Capt. Botas and Lt. Viveiros assaulted him during a series of interrogations at the ACI. He said that the two officers were questioning him about a telephone number that had been found on a piece of paper in his pocket a few days earlier. Mr. Romano stated that Lt. Viveiros hit him on the head with both a plastic clipboard and a telephone book. Mr. Romano also stated that Capt. Botas "backhanded" him and pushed him into a metal file cabinet.

The jury also convicted Capt. Botas of two counts of simple assault against inmate Jose Gonzalez. Mr. Gonzalez testified that, on the morning of February 14, 2006, he went to see Capt. Botas to speak with him about food that had been seized from Mr. Gonzalez's locker the night before. He stated that, upon encountering Capt. Botas, he mistakenly called him "Lieutenant." Mr. Gonzalez testified that Capt. Botas became "very angry" and smacked him in

the face "a couple of times." Mr. Gonzalez also stated that Capt. Botas hit him in the head with a bag of food, a package of paper, and a telephone book.

The jury convicted Capt. Botas of one count of simple assault against inmate Matthew Gumkowski. Mr. Gumkowski told the jury that, on June 7, 2005, he was "caught with * * * a $20 bill" by a correctional officer in a prison bathroom. Mr. Gumkowski testified that, on the following morning, he was called down to the front desk of the facility. Mr. Gumkowski stated that, once he arrived, Capt. Botas escorted him to an office where they were joined by Officer Spaziano. Mr. Gumkowski told the jury that the officers put him in handcuffs and closed the door and that Capt. Botas then began questioning him about the $20 bill. According to Mr. Gumkowski, he eventually "got sick of [Capt. Botas] talking to [him]," and so he cursed at him. Mr. Gumkowski testified that Capt. Botas responded by punching him in the face, which "split [him] open right by [his] eye."

On August 1, 2008, after a trial that lasted for seventeen days, the jury found Capt. Botas guilty on all charges. On September 5, 2008, the trial justice denied Capt. Botas's motion for a new trial. The trial justice then sentenced Capt. Botas to a total of three years at the ACI, with eighteen months to serve and the remainder suspended with probation. Captain Botas filed a timely notice of appeal.

## II

### Issues on Appeal

Captain Botas raises five issues on appeal. He contends that the trial justice committed reversible error when he (1) denied Capt. Botas's motion to sever his trial from that of Lt. Viveiros; (2) granted the prosecution's motion to preclude the testimony of inmate Sebastian Atryzek; (3) denied Capt. Botas's motion for a new trial; (4) gave improper jury instructions; and

(5) admitted evidence that had not been produced by the prosecution during discovery as required by Rule 16 of the Superior Court Rules of Criminal Procedure.

## III

## Analysis

## A

## Issues Addressed in <u>State v. Viveiros</u>

The first four of the just-summarized issues raised on appeal by Capt. Botas were also raised by Lt. Viveiros in his unsuccessful appeal. There is no material difference between the contentions of those two defendants, and our reasons for rejecting those arguments are the same as those articulated in our earlier opinion. See generally Viveiros, 45 A.3d at 1240–46.

First, it is our opinion that the trial justice acted within his discretion when he denied Capt. Botas's motion to sever pursuant to Rule 14 of the Superior Court Rules of Criminal Procedure.[3] This Court has recognized "that questions of severance based on Rule 14 are within the sound discretion of the trial justice, and we will not disturb his or her decision on appeal absent the showing of a clear abuse of discretion." State v. Goulet, 21 A.3d 302, 309 (R.I. 2011) (internal quotation marks omitted). Captain Botas contends that the "allegation[s] against co-defendant Viveiros spilled over into the allegations against Captain Botas, his supervisor." We disagree for the same reasons as we articulated in the Viveiros opinion. See Viveiros, 45 A.3d at 1240–42. We reiterate that, in the trial of Capt. Botas and Lt. Viveiros, the trial justice properly

---

[3] Rule 14 of the Superior Court Rules of Criminal Procedure reads, in pertinent part, as follows:

> "If it appears that a defendant or the State is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

found "that the technical requirements for joinder were satisfied because the charged offenses arose from the same acts or transactions or series of acts or transactions." Id. at 1241. The trial justice also carefully reflected on the potential for prejudice, and he concluded that "Botas and Viveiros would not substantially be prejudiced by the joinder of their cases into one trial." See id.; see also State v. Rivera, 987 A.2d 887, 900 (R.I. 2010) ("[A] defendant must show substantial prejudice for this Court to overturn a trial justice's denial of a motion for severance."). We find Capt. Botas's argument concerning the severance issue to be unconvincing.

It is further our opinion that the trial justice acted within his discretion when he granted the prosecution's motion in limine to preclude the testimony of inmate Sebastian Atryzek. Again, this Court addressed the same argument in the Viveiros opinion. See Viveiros, 45 A.3d at 1242–43. Captain Botas sought to call Mr. Atryzek as a witness for the sole purpose of attacking the credibility of Warren Tarsagian, an inmate who had already testified at the trial; specifically, defense counsel advised the trial justice that he anticipated that Mr. Atryzek would testify about having been approached by Mr. Tarsagian, who purportedly told him that "they would both profit" by filing a false assault allegation against Capt. Botas. See id. at 1242. When questioned by defense counsel about the alleged scheme, Mr. Tarsagian testified that he "[n]ever told [Mr. Atryzek] anything like that." The trial justice properly determined that "Atryzek's testimony would be extrinsic evidence on a collateral issue, which would be prohibited by Rule 608(b)" of the Rhode Island Rules of Evidence. Viveiros, 45 A.3d at 1242; see also State v. Tutt, 622 A.2d 459, 462 (R.I. 1993); State v. Bowden, 439 A.2d 263, 268 (R.I. 1982) ("A witness may not be

impeached on collateral matters by the introduction of extrinsic evidence. The cross-examiner is restricted to the answers of the witness.").[4]

Captain Botas's next contention on appeal is that the jury instructions were "confusing and difficult to comprehend," and that the "jury could not properly segregate the charge[s] in light of the allegations against both defendants." As we stated in Viveiros, 45 A.3d at 1244, the record shows that, except for an objection pursuant to Rule 404(b) of the Rhode Island Rules of Evidence,[5] "neither [Capt. Botas's nor Lt. Viveiros's] attorney objected to any portion of the court's [jury] instructions." Our established raise or waive rule "precludes our consideration of an issue that has not been raised and articulated at trial." State v. Bido, 941 A.2d 822, 828 (R.I. 2008). Accordingly, Capt. Botas, like his codefendant, is deemed to have waived the right to challenge the jury instructions on appeal.

Captain Botas next argues that the trial justice erred by denying his motion for a new trial. He maintains that the testimony of the inmate witnesses was not worthy of belief. Yet again, this Court addressed the same argument in Viveiros, stating that "we are satisfied that the trial justice engaged in a comprehensive and proper analysis of the evidence presented in this case; he reviewed the testimony from both sides and independently assessed the credibility of the witnesses." Viveiros, 45 A.3d at 1245. After having once again reviewed the record, we remain

---

[4]     In his brief filed with this Court, Capt. Botas also states that a "second motion in limine filed by the State precluded the defendants from introducing evidence of discipline records of the Department of Correction[s] employees listed as State Witnesses." However, the brief does not include a legal argument to accompany that just-quoted statement. Accordingly, we shall not address this issue on appeal. See Wilkinson v. State Crime Laboratory Commission, 788 A.2d 1129, 1131 n.1 (R.I. 2002) ("Simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.").

[5]     The objection to the instructions based upon Rule 404(b) of the Rhode Island Rules of Evidence is not one of the appellate issues raised by Capt. Botas.

fully satisfied with the analytical process employed by the trial justice in addressing the motion for a new trial and with his ultimate ruling denying the same as to Capt. Botas.

## B

## The Rule 16 Issue

Captain Botas presents one argument that was not raised in Lt. Viveiros's appeal: he contends that the trial justice committed reversible error by allowing the prosecution to introduce certain photographs into evidence at trial.[6] Specifically, Capt. Botas argues that the trial justice should have excluded the photographs due to what he contends was a violation by the prosecution of its discovery obligations under Rule 16 of the Superior Court Rules of Criminal Procedure. We disagree.

The Rule 16 issue raised by Capt. Botas relates to the assault charges involving Mr. Romano discussed in Part I of this opinion, supra. As previously indicated, Capt. Botas and Lt. Viveiros allegedly assaulted Mr. Romano during a series of interrogations. Mr. Romano testified that, after the interrogations ended, the three men went to Capt. Botas's office. He told the jury that, once they entered the office, "everything changed"; he said that the officers began to act as if they were his "best friend[s]." Mr. Romano stated that he apologized to the officers for not answering their questions as they had wanted and that Capt. Botas told him to "forget about all that." According to Mr. Romano, Capt. Botas then opened his desk drawer and removed a plastic bag containing photographs. Mr. Romano stated that Capt. Botas put the photographs in front of him and told him to "take a look"; Mr. Romano said that the photographs were of "naked

---

[6] This Court's opinion in Viveiros, 45 A.3d at 1237 n.5, does note that "[p]urportedly * * * Botas showed Romano some inappropriate photos of young girls * * *." However, that opinion does not address those "inappropriate photos" from a legal or evidentiary perspective.

girls" who "looked like they were teenagers." Mr. Romano testified that Capt. Botas told him that the photographs were to make him "feel a little better."

The record indicates that, on July 16, 2008—five days into the jury trial and one day before Mr. Romano was scheduled to testify—defense counsel informed the trial justice that the defense had recently learned that the prosecution intended to introduce the above-referenced photographs, which defense counsel characterized as "pornographic pictures." Defense counsel argued that the photographs should not be allowed into evidence because they had not been disclosed during discovery.

The prosecutor acknowledged that the photographs had not been previously disclosed to defendants. She explained that a state police detective had seized the photographs from Capt. Botas's office while working as the lead investigator concerning an assault charge against Capt. Botas relating to his treatment of another inmate at the ACI, one Michael Walsh. Before trial, the prosecution elected to sever the charge against Capt. Botas involving Mr. Walsh. Accordingly, the prosecution had not disclosed the photographs in the consolidated case against Capt. Botas and Lt. Viveiros. The prosecutor also informed the court that Mr. Romano's witness statement—which had been disclosed—mentioned that he had been shown the photographs during his post-interrogation meeting with Capt. Botas and Lt. Viveiros in Capt. Botas's office.

The trial justice reserved decision and then revisited the issue with the parties the following day. Defense counsel claimed that the defense was being "ambushed by [the] photographs," and that allowing the photographs into evidence would "eviscerate" what he characterized as the "defense of bad investigation." Defense counsel also claimed that, if the defense had known about the proposed photographic evidence from the beginning, it "would

have addressed [the evidence] in voir dire" by inquiring whether the potential jurors would be offended by pornographic photographs.

The trial justice recognized that the prosecution had violated Rule 16 by failing to disclose the photographs during discovery. However, he went on to find that the violation was "clearly unintentional"; Capt. Botas's counsel agreed, noting that he "[did] not in the least blame" the prosecutor for the discovery violation. The trial justice ruled that the photographs could be entered into evidence in spite of the Rule 16 violation. The trial justice did, however, present defendants with remedial options; he stated that he was "certainly willing" to postpone Mr. Romano's testimony, which was scheduled for later that day. The trial justice also indicated that he would consider "adjourn[ing] for a day or two" to give defense counsel further time to prepare.[7] Defense counsel did not take the trial justice up on either offer. Accordingly, during his testimony, Mr. Romano identified eight photographs as being the photographs that Capt. Botas had shown him on the day of the assault. At that point, the photographs were admitted as full exhibits.

Rule 16(i) states that, when faced with a discovery violation, a trial justice "may order [the offending] party to provide the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material which or testimony of a witness whose identity or statement were not disclosed, or it may enter such other order as it deems appropriate."[8]

---

[7]    Captain Botas was given the opportunity to move to pass the case. Before ruling on the admissibility of the photographs, the trial justice asked defense counsel what his position would be if he allowed the photographs to be admitted into evidence; defense counsel replied, "I may have to discuss with my client about moving to pass." However, when the time came for the introduction of the photographs, defense counsel made no such motion.

[8]    The pertinent discovery obligations which Rule 16 of the Superior Court Rules of Criminal Procedure imposes on the prosecution are as follows:

When determining the appropriate sanction for a discovery violation, the trial justice should look to "(1) the reason for nondisclosure, (2) the extent of prejudice to the opposing party, (3) the feasibility of rectifying that prejudice by a continuance, and (4) any other relevant factors." State v. Vocatura, 922 A.2d 110, 117 (R.I. 2007) (internal quotation marks omitted). This Court has recognized that "the trial justice is in the best position to fashion a proper remedy for noncompliance with the discovery rule." State v. Ramos, 553 A.2d 1059, 1068 (R.I. 1989). Accordingly, we review such rulings "with deference and will not overturn the decision unless it constitutes a clear abuse of discretion." State v. Gonzalez, 923 A.2d 1282, 1286 (R.I. 2007). This Court has also noted that "the exclusion of testimony is an extreme remedy and should be applied sparingly." State v. Morejon, 603 A.2d 730, 736 (R.I. 1992) (internal quotation marks omitted).

---

"(a) Discovery by Defendant. Upon written request by a defendant, the attorney for the State shall permit the defendant to inspect or listen to and copy or photograph any of the following items within the possession, custody, or control of the State, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the State:

"* * *

"(4) all books, papers, documents, photographs, sound recordings, or copies thereof, or tangible objects, buildings, or places which are intended for use by the State as evidence at the trial or were obtained from or belong to the defendant.

"* * *

"(h) Continuing Duty to Disclose. If, subsequent to compliance with a request for discovery or with an order issued pursuant to this rule, and prior to or during trial, a party discovers additional material previously requested which is subject to discovery or inspection under this rule, he or she shall promptly notify the other party of the existence thereof."

When ruling on the effect of the prosecution's failure to disclose the photographs, the trial justice stated that he "certainly [did not] see anything" that would have led him to "find that [the prosecutor] did anything intentional in withholding that material." We perceive no basis for holding that the trial justice erred in finding that the nondisclosure was inadvertent; and, therefore, "the second element of the test, prejudice to the opposing party, controls our inquiry." See State v. Bibee, 559 A.2d 618, 621 (R.I. 1989); see also State v. Pona, 810 A.2d 245, 250 (R.I. 2002) (noting that sanctions are necessary only if "the violation prejudiced the defendant").

We have recognized that "the purpose of Rule 16 is to ferret out procedural, rather than substantive prejudice * * *." Vocatura, 922 A.2d at 119 (internal quotation marks omitted). Procedural prejudice is the type of "prejudice that would make it difficult for a party to prepare properly for trial." Id. (internal quotation marks omitted). Yet, when "procedural prejudice does not result in a guilty verdict, we will not order a new trial." State v. Concannon, 457 A.2d 1350, 1354 (R.I. 1983); see also State v. Ibrahim, 862 A.2d 787, 799 (R.I. 2004).

We perceive no basis for concluding that the introduction of the photographs caused the guilty verdict to be rendered in this case. Captain Botas argues that the introduction of the photographs was "so prejudicial that [defense counsel's] trial strategy was neutralized." That trial strategy, as articulated by defense counsel, was to expose the "inadequate and incomplete and unfair investigation conducted by the State Police." However, that trial strategy, which sought to discredit the investigation into the inmates' accusations, was not undermined by the fact that a state police officer came across eight photographs while searching Capt. Botas's office. For example, defense counsel was free to (and did)[9] point to the alleged dearth of

---

[9] For instance, in closing argument, defense counsel repeatedly questioned the adequacy of the state police's investigation, noting: "This was not an investigation. It was an inquisition.

evidence and the alleged failure of the investigating officers to question other witnesses. As the trial justice also noted, the photographs were "not direct evidence which prove[d] or disprove[d] whether or not a simple assault occurred." Rather, they represented "corroborative evidence" of a peace offering made by Capt. Botas <u>after</u> the assault, which the trial judge correctly believed would have "a much less prejudicial effect." See <u>Pona</u>, 810 A.2d at 250 ("The cumulative and corroborative nature of such testimony is exactly the kind of evidence that we have previously held not to be prejudicial.").

**V**

**Conclusion**

For the reasons set forth in this opinion, we affirm the Superior Court's judgment of conviction. The record in this case may be returned to that tribunal.

---

[The state police] had an allegation and the judge told you that an allegation is not evidence, and they stopped. They didn't follow through with an investigation * * *."


**TITLE OF CASE:**     State v. Gualter Botas.

**CASE NO:**     No. 2009-185-C.A.
(P3/07-441A)
(P3/07-483A)
(P3/07-484A)
(P3/07-485A)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     April 23, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Daniel A. Procaccini

**ATTORNEYS ON APPEAL:**

For State:  Christopher R. Bush
Department of Attorney General

For Defendant:  Christopher S. Gontarz, Esq.