**Supreme Court**

No. 2012-173-C.A.

(P2/09-972A)

State                     :

v.                        :

Gabriel Santiago.         :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|  |  |
| --- | --- |
| State | : |
| v. | : |
| Gabriel Santiago. | : |

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.** The defendant, Gabriel Santiago, appeals his conviction for second-degree child molestation sexual assault in violation of G.L. 1956 § 11-37-8.3. After the jury returned its verdict, Santiago received a sentence of twenty-five years, with nine years to serve and sixteen years suspended, with probation. The defendant was also required to complete sex-offender counseling, register as a sex offender, and refrain from having any contact with the complaining witness. Before this Court, Santiago argues that the trial justice erred when she permitted the state to elicit testimony from the complaining witness that Santiago alleges was in violation of Rule 16 of the Superior Court Rules of Criminal Procedure. We entertained this case on December 3, 2013, pursuant to an order directing the parties to show cause why the issues in this appeal should not summarily be decided. We have considered the record and the written and oral submissions of the parties, conclude that cause has not been shown, and proceed to decide the appeal without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Facts and Travel

In August 2008, defendant met a woman named Chely on the internet.[1] During the course of their burgeoning online relationship, Santiago invited Chely to relocate to Rhode Island from Texas, and she eventually moved into defendant's Central Falls apartment with two of her daughters, then ages six and seven.

On February 5, 2009, defendant was home alone with Chely's daughters while their mother attended night classes. Doreen, the older of Chely's daughters, asked defendant for permission to play a video game. Doreen said that Santiago told her that, to play the video games, she would have to "do something," specifically, to "take a shower with him or touch his private part." According to Doreen, defendant made her touch "his private part" under his clothes and move her hand back and forth. The defendant instructed Doreen to cover her eyes with her other hand so that she would not see. While recounting the events of that night, Doreen also said that after about a minute, defendant told her to go wash her hands because she had "white things around her hands." She said that she did not know the source of the substance but that it had not been on her hand before she touched defendant. She also said that Santiago instructed her not to tell anyone what had occurred.

Despite that admonition, however, the following day Doreen informed her mother about what had happened. Chely and her daughters quickly vacated the apartment, and, a few days later, Chely reported the incident to the Central Falls Police Department. Chely and Doreen were referred by the police to the Child Advocacy Center (CAC) for an interview, and a trained CAC counselor interviewed the young girl on February 11, 2009. The interview was transcribed

---

[1] We refer to the complaining witness's mother by only her first name. Additionally, we employ a fictitious name to protect the complaining witness's identity.

and recorded on videotape. During the CAC interview, Doreen provided details of the events of February 5, including the fact that when she touched defendant's body part it felt hard. Santiago subsequently was arrested and charged with second-degree child molestation sexual assault.

Before trial, defendant filed a motion in limine, in which he sought to prevent the state from employing either the video recording or the transcript of the CAC interview of the complaining witness. A justice of the Superior Court agreed in part, ordering that the recording and transcript could not be used as a past recollection recorded.[2] However, the hearing justice was clear that her ruling did not prevent the use of that material to refresh the recollection of the complaining witness.

The case was reached for trial in November 2011. The day before the trial was to commence, Doreen met with prosecutors for the purpose of preparing her testimony. During that meeting, Doreen said that, when she touched defendant's body part, it felt soft. Because that statement was at odds with what she had said in the past, Doreen was shown a copy of the transcript of her CAC interview, during the course of which she said that the body part felt hard. However, the transcript did not refresh her recollection. The state then duly supplemented its discovery, notifying defendant of what Doreen had said and also that her previous statement "did not refresh her recollection."

On November 17, 2011, Doreen took the stand at defendant's trial. During her testimony, Doreen said that, when she touched defendant, his skin felt soft, but that she could not

---

[2] Rule 803(5) of the Rhode Island Rules of Evidence provides:

> "A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence and received as an exhibit."

remember how the actual body part felt.  When the state then attempted to use the transcript of the CAC interview to refresh her recollection, defendant objected.  After hearing argument during a sidebar conference, the trial justice allowed the state to ask the witness whether the CAC-interview transcript refreshed the witness's recollection.[3]  After testifying that reading the interview transcript would refresh her recollection, and after actually reading that transcript, Doreen testified that defendant's body part felt hard.[4]

At the conclusion of the trial, the jury found defendant guilty.  The defendant timely appealed to this Court.  On appeal, defendant argues that the trial justice erred when she permitted the state to elicit testimony from Doreen that was contrary to the state's supplemental discovery responses.

---

[3] The Superior Court justice who presided over the trial in this case was different from the justice who decided the motion in limine.

[4] The defendant objected during the sidebar conference to the use of the transcript.  However, the only objection defendant raised during the questioning of Doreen occurred when the prosecutor showed Doreen her statement before she asked her whether seeing the transcript would refresh her recollection.  That objection was sustained.  The defendant interposed no other objections to the questions that followed the sidebar conference.

In particular, defendant did not object when, after Doreen reviewed the CAC-interview transcript and testified that defendant's body part felt hard, the state questioned Doreen as follows:

"[State]:  And that's what you said in February of 2009, right?
"[Doreen]:  Yeah.
"[State]:  Now, as you stand here today, though, you said you don't remember that?
"[Doreen]:  Yeah.
"[State]:  Yes, but in February of 2009, that was closer in time to when this took place than your testimony today is, right?
"[Doreen]: Yeah."

While this exchange may have suggested that the statement was being offered as a past recollection recorded pursuant to Rule 803(5), defendant did not object to the state's questions or the witness's responses.

- 4 -

## II

### Standard of Review

It is well established that, when this Court reviews questions regarding claimed Rule 16 discovery violations, "the applicable standard is narrow:  the trial justice must have committed clear error." State v. Briggs, 886 A.2d 735, 755 (R.I. 2005) (citing State v. Rice, 755 A.2d 137, 151 (R.I. 2000)).  "The trial justice is in the best position to determine whether any harm resulted from alleged noncompliance with discovery motions and whether the harm can be mitigated." State v. Boucher, 542 A.2d 236, 241 (R.I. 1988) (citing State v. Coelho, 454 A.2d 241, 245 (R.I. 1982)).  Therefore, "[w]e accord great deference to the trial justice's decision regarding whether a violation of Rule 16 occurred."  State v. Marmolejos, 990 A.2d 848, 852 (R.I. 2010) (citing State v. Diefenderfer, 970 A.2d 12, 23 (R.I. 2009)).  "The discovery ruling of a trial justice 'will not be overturned absent a clear abuse of discretion.'"  State v. Farley, 962 A.2d 748, 753 (R.I. 2009) (quoting State v. Stravato, 935 A.2d 948, 951 (R.I. 2007)).

## III

### Discussion

Rule 16 governs discovery procedures in criminal trials.  "The overarching purpose of Rule 16 is 'to ensure that criminal trials are fundamentally fair.'"  Briggs, 886 A.2d at 754 (quoting State v. Gordon, 880 A.2d 825, 832 (R.I. 2005)).  The rule strives to avoid surprise at trial.  State v. Ricci, 639 A.2d 64, 69 (R.I. 1994).  It includes a requirement that "[w]hen a criminal defendant requests discovery material concerning witnesses the state may call to testify at trial, Rule 16 obligates the state to produce 'only prior recorded statements of a witness, a summary of the witness's expected trial testimony, and any records of prior convictions.'"  Briggs, 886 A.2d at 754 (quoting State v. Chalk, 816 A.2d 413, 418 (R.I. 2002)).

Significantly, Rule 16 also imposes a continuing duty to disclose. <u>Ricci</u>, 639 A.2d at 68. This duty requires a party, having previously complied with requests for discovery, to "promptly notify the other party of the existence" of "additional material previously requested which is subject to discovery or inspection under this rule[.]" Rule 16(h). "The rule permits a trial justice to prohibit witnesses from testifying if their identities or their statements were not disclosed to the requesting party." <u>Ricci</u>, 639 A.2d at 68 (citing Rule 16(i)).

In <u>State v. Pona</u>, 810 A.2d 245, 249-50 (R.I. 2002), we held that no discovery violation occurred when the state's witness presented an expanded version of his testimony at trial from what had been disclosed in discovery. We reasoned, "[t]he fact that a witness statement is not as thorough as [the] defendant desires does not create a discovery violation." <u>Id.</u> at 250. Furthermore, "[b]ecause the state [had] provided a detailed witness statement that was more than adequate for [the] defendant to determine what [a police officer] might testify to at trial, there [was] no discovery violation." <u>Id.</u>

In <u>State v. Werner</u>, 831 A.2d 183, 202 (R.I. 2003), we similarly held that there had been no discovery violation in a case in which certain photographs previously had been considered during a motion <u>in</u> <u>limine</u>. When an objection to the introduction of the photographs was sustained, the prosecutor explained that she planned to attempt to lay the necessary foundation to connect the photos to the issues in the case. <u>Id.</u> An expert witness was presented to make that connection, and the defendant argued that the testimony violated Rule 16. <u>Werner</u>, 831 A.2d at 202-03. We concluded that the trial justice had not erred when she denied the motion to exclude the expert witness's testimony because the witness's expertise had been disclosed to the defendant and the defendant could not have been surprised that the prosecution queried the

witness about the disputed photographs, which already had been the subject of the motion in limine and the earlier sustained objection. Id. at 203.

In the circumstances before us, we cannot say that the trial justice erred when she permitted Doreen to testify that defendant's body part felt hard. The state, in accordance with its duty to update its discovery responses, notified defendant that, on the eve of her testimony, Doreen had expressed recollections that were inconsistent with her CAC interview and that the interview transcript "did not refresh her recollection." The defendant already was aware, as a result of the hearing justice's ruling on the motion in limine, that the CAC interview was fair game if it were to be used to refresh the witness's recollection, and the state's amended discovery response should have alerted defendant that it would attempt to do just that if Doreen were unable to recall whether defendant's body part was hard when she touched it. See Werner, 831 A.2d at 202-03.

Unlike Pona, 810 A.2d at 249-50, where discovery was held to be sufficient despite the fact that a witness's actual, in-court testimony was more detailed than the discovery that had been provided, here the state notified the defendant that Doreen's memory had failed on the eve of her testimony and that her recollection had not been refreshed by her earlier statement. It is well settled that, when a party refreshes a witness's recollection, the witness's present memory of the event, rather than the memorandum used to revive the memory, stands as the evidence. Ricci, 639 A.2d at 67. Thus, the fact that the transcript did not refresh Doreen's recollection during the preparation for her in-court testimony does not lead to the conclusion that the transcript would not refresh her recollection when she testified at trial. The content of and the inconsistency among Doreen's statements was disclosed to the defendant and was a proper subject for cross-examination. In our opinion, the fact that the state notified the defendant that

Doreen's recollection had not been refreshed on one occasion does not freeze the witness's memory as of that moment.

## III

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court. The record may be remanded to that tribunal.



**TITLE OF CASE:** State v Gabriel Santiago.

**CASE NO:** No. 2012-173-C.A.
(P2/09-972A)

**COURT:** Supreme Court

**DATE OPINION FILED:** January 15, 2014

**JUSTICES:** Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:** Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:** Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Susan E. McGuirl

**ATTORNEYS ON APPEAL:**

For State: Virginia M. McGinn
Department of Attorney General

For Defendant: Janice M. Weisfeld
Office of the Public Defender